## S08A0701. HARRIS v. THE STATE.

### (667 SE2d 361)

SEARS, Chief Justice.

The appellant, Juan Harris, appeals from the denial of his motion to dismiss his indictment on the ground that his constitutional right to a speedy trial had been violated. We conclude, however, that the trial court did not err in denying Harris's motion, and we thus affirm the trial court's judgment.

To begin the constitutional speedy trial analysis, we note that the approximately five and one-half years from the date of Harris's arrest to the date the trial court denied Harris's motion to bar his prosecution is "presumptively prejudicial"[1] and thus triggers the four-part balancing test initially set forth in *Barker v. Wingo*[2] for deciding constitutional speedy trial claims. Under the four-part balancing test, we must consider " '[i] whether delay before trial was uncommonly long, [ii] whether the government or the criminal defendant is more to blame for that delay, [iii] whether, in due course, the defendant asserted [the] right to a speedy trial, and [iv] whether he [or she] suffered prejudice as the delay's result.' "[3] The Supreme Court has stated that none of these four factors is

> either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these

---

[1] *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972). Accord *Doggett v. United States*, 505 U. S. 647, 652 (112 SC 2686, 120 LE2d 520) (1992); *Ruffin v. State*, 284 Ga. 52, 55 (663 SE2d 189) (2008).

[2] *Barker*, 407 U. S. at 530.

[3] *Ruffin*, 284 Ga. at 56 (quoting *Doggett*, 505 U. S. at 651) (bracketed material added in *Ruffin*).

factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.[4]

The length of the delay in this case is significant, with most of it attributable to the State. Moreover, a large portion of the delay attributable to the State is due to the State's negligence in bringing the case to trial. Thus, even though there is no evidence of the most serious abuse of a deliberate attempt to delay the trial in order to prejudice Harris,[5] the negligent delay must be weighed against the State.[6] The record, however, shows that Harris did not assert his right to a speedy trial from the time of his arrest in November 2001[7] until shortly before the hearing on his motion to bar his prosecution in May 2007.[8] We conclude that this delay in asserting his right must be weighed against Harris.[9]

As for the final factor in our analysis, whether Harris suffered prejudice as a result of the delay, there are three factors to consider: whether there has been oppressive pre-trial incarceration; the anxiety and concern of the accused; and the possibility of harm to the accused's defense.[10] "Of these forms of prejudice, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.' "[11]

Although Harris's pre-trial incarceration was substantial, we conclude that Harris failed to establish the type of "oppressive pretrial incarceration or anxiety and concern beyond that which necessarily attends confinement in a penal institution."[12] Moreover, Harris does not contend, and the record does not show, that there has been any actual prejudice to Harris's defense. In addition, the presumptive prejudice that arises from the significant delay in

---

[4] *Barker*, 407 U. S. at 533.

[5] *Ruffin*, 284 Ga. at 59-60.

[6] Id. at 59-62.

[7] A defendant may invoke his right to a speedy trial any time after his arrest. *Ruffin*, 284 Ga. at 63; *United States v. Marion*, 404 U. S. 307, 321 (92 SC 455, 30 LE2d 468) (1971).

[8] Harris asserts that, because present defense counsel made an entry of appearance on March 16, 2007, and filed a "Motion for Permission to File an Out-of-Time Demand for Speedy Trial" in April 2007, Harris has timely asserted his right to a speedy trial. The record, however, shows that Harris had counsel since at least the summer of 2002 and thus could have asserted his right to speedy trial earlier.

[9] *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001); *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001); *Thomas v. State*, 274 Ga. 492, 494-495 (555 SE2d 693) (2001); *Jackson v. State*, 272 Ga. 782, 785 (534 SE2d 796) (2000). In evaluating Harris's delay in asserting his right, we assume without deciding that the approximately one year time frame during which Harris's case was on the dead docket due to the State's inability to locate a key witness should not be counted against Harris.

[10] *Doggett*, 505 U. S. at 654; *Barker*, 407 U. S. at 532.

[11] *Doggett*, 505 U. S. at 654 (quoting *Barker*, 407 U. S. at 532).

[12] *Ruffin*, 284 Ga. at 65. Accord *Thomas*, 274 Ga. at 495; *Jackson*, 272 Ga. at 785.

Harris's trial " 'cannot alone carry [his] Sixth Amendment claim without regard to the other *Barker* criteria.' "[13] Instead, " 'it is part of the mix of relevant facts, and its importance increases with the length of delay.' "[14]

On balance, because there was no demonstrable prejudice to Harris's defense and because Harris was dilatory in asserting his right to a speedy trial, we conclude that the presumptive prejudice that arises from the delay in Harris's trial is insufficient for him to prevail on his speedy trial claim, and that the trial court did not err in denying Harris's motion to dismiss.

For these reasons, we affirm the trial court's judgment denying Harris's motion to dismiss.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008 —
RECONSIDERATION DENIED OCTOBER 27, 2008.

*Bentley C. Adams III, Carl P. Greenberg, Wayne H. Basford, Joyce L. Neal, Daryl W. Queen*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Fani L. Willis, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.

---

[13] *Scandrett v. State*, 279 Ga. 632, 635 (619 SE2d 603) (2005) (quoting *Doggett*, 505 U. S. at 656).

[14] *Ruffin*, 284 Ga. at 56 (quoting *Doggett*, 505 U. S. at 656).