## A09A1508. THE STATE v. PORTER.

(684 SE2d 299)

MILLER, Chief Judge.

On January 15, 2009, just over nine years after his arrest for molesting his minor child, T. P., Stanley Keith Porter filed a motion to dismiss, or, in the alternative, plea in bar, contending that the State had denied his constitutional right to a speedy trial. The trial court entered separate orders denying Porter's motion as to the second indictment, filed in 2006 (the "2006 case"), and granting his motion as to the first indictment filed in 2001 (the "2001 case"). The State appeals from the trial court's dismissal of the 2001 case, arguing that the trial court erred in weighing against the State (i) the reason for delay, (ii) Porter's failure to timely assert a statutory demand for speedy trial, and (iii) prejudice to Porter arising out of the alleged death of material defense witnesses. Finding that the trial court did not abuse its discretion in dismissing the 2001 case upon the denial of Porter's constitutional right to a speedy trial for nearly seven years of pretrial delay attributable to the government, we affirm.

We review a trial court's grant or denial of a motion to dismiss on speedy trial grounds for abuse of discretion. *Ruffin v. State*, 284 Ga. 52, 65 (3) (663 SE2d 189) (2008).

The record shows that Porter was arrested on November 12, 2000 for molesting T. P., his minor child, on or about June 1, 2000. He was indicted on December 29, 2000, and then re-indicted on August 31, 2001, for one count of aggravated child molestation (OCGA § 16-6-4 (c)), three counts of child molestation (OCGA § 16-6-4 (a)), and one count of cruelty to children in the second degree (OCGA § 16-5-70). His release on bond followed.

While on bond, new allegations of child molestation against A. P., a second of Porter's minor children, arose between August 1, 2004 and October 31, 2005. On February 23, 2005, the original trial judge in the case issued a bench warrant for Porter's arrest for his failure to appear in court on the new child molestation charges. Porter was arrested on the bench warrant and his bond revoked on April 22, 2006. On May 5, 2006, an indictment was returned resulting in the 2006 case which charged Porter with single additional counts of aggravated sexual battery and child molestation against A. P. On August 1, 2006, the State filed a motion to set a trial date in both cases.

On February 6, 2008, the original trial judge recused herself, and the case was transferred to a second trial judge (the "trial court"). The State filed a further motion to set both cases for trial on March 6, 2008, which motion the trial court granted, setting the cases to be tried on December 9, 2008. In November 2008, however, defense

counsel announced that it would not be ready for trial on December 9, 2008, and requested a continuance. The trial court continued the case to December 16, 2008, and after filing a motion for continuance on December 15, 2008, defense counsel again announced not ready at trial the next day and requested a further continuance.

On January 15, 2009, Porter filed a statutory motion to dismiss, or, in the alternative, plea in bar for violation of his constitutional right to a speedy trial. Following a January 21, 2009 hearing, the trial court ruled from the bench, denying Porter's motion in the 2006 case and granting the motion and dismissing the 2001 case. Written orders entered on January 27, 2009 and February 11, 2009, respectively, followed. The State appeals from the order dismissing the 2001 case.

> The template for deciding all constitutional speedy trial claims under the Sixth Amendment and the Georgia Constitution is laid out in the 1972 case of *Barker v. Wingo*[, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972),] and the 1992 decision in *Doggett v. United States*[, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992),] which is to date the Supreme Court's last detailed discussion of the topic. The analysis has two stages. First, the court must determine whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered presumptively prejudicial. If not, the speedy trial claim fails at the threshold. If, however, the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.

(Punctuation and footnotes omitted.) *Ruffin*, supra, 284 Ga. at 55 (2). The *Barker-Doggett* balancing factors are as follows: whether pretrial delay was uncommonly long; whether the defendant or the State is primarily responsible for the delay; whether the defendant timely asserted his right to a speedy trial; and whether the defendant was prejudiced by the delay. Id. at 55 (2) (b). Nearly eight years elapsed from the November 12, 2000 date of Porter's arrest and his initial trial date, December 9, 2008. Given the foregoing, we find that the presumptive prejudice test was met (see *State v. Giddens*, 280 Ga. App. 586, 587 (634 SE2d 526) (2006) (generally a delay of eight months or more is presumptively prejudicial)), and the trial court properly proceeded to a consideration of the other *Barker-Doggett* factors to determine whether Porter was denied his Sixth Amend-

ment right to a speedy trial. The State contends that the trial court erred in doing so as to three of the factors as follows.

1. *Whether the delay was uncommonly long.* The State does not challenge the trial court's finding that the pretrial delay at issue should weigh against the State as uncommonly long, and we agree. The State contends, however, that the trial court erred in weighing the remaining *Barker-Doggett* factors against it. Thus, we begin our analysis with the second of the *Barker-Doggett* factors.

2. *Reason and responsibility for delay.* The second factor in the *Barker-Doggett* balancing test requires this Court to examine both "the reason for the delay and whether [the delay] is attributable to the defendant or the state." *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001). Here, the trial court declined to fault the State or Porter for the delay in this case, but instead faulted the government principally pointing to the original trial judge's practice of repeatedly "putting [the case] off" as "a long case" when "people were ready to try it." In this regard,

> the "government" includes all state actors, even trial and appellate court judges. The relevant inquiry for purposes of the second factor is not whether the *prosecutor* or the accused bears more responsibility for the delay, but whether the *government* or the criminal defendant is more to blame for that delay.

(Punctuation and footnote omitted; emphasis in original.) *Ruffin*, supra, 284 Ga. at 61 (2) (b) (ii). More specifically, delay in trial and appellate courts is tolerable only to the extent necessary to ensure "just and thoughtful" decisions. Id. at 59-60 (2) (b) (ii).

The trial court's order points to delay attributable to the State arising out of its dismissal of the December 29, 2000 indictment and re-filing of the same on August 31, 2001. Inasmuch as the record reflects no requests for defense delay from Porter's arrest and confinement on November 12, 2000 through the date of his re-indictment, the trial court properly determined that the government was responsible for approximately ten months delay on this account.

Following his re-indictment in August 2001, Porter was released from jail on bond. Nothing of record shows any defense request for continuance from that date until May 2, 2003, nearly one year and nine months later. This period of delay is also attributable to the government.

Porter concedes that trial counsel's requests for continuance in 2003-2004 effecting possible trial dates accounted for 17 days. The record does not reflect more. Given the foregoing, in the period May 2, 2003 through December 2004, approximately one year and seven

and a half months of delay may properly be attributed to the government and the remaining half month to the defense.

Porter also correctly concedes that approximately one year and two months may be characterized as defense delay based on his voluntary absence from court, i.e., the period from February 7, 2005, the day he failed to appear in court for trial to the date of his arrest on new child molestation charges on April 22, 2006. The failure to try the case in January 2005 may properly be attributed to the government.

The record does not reflect any additional defense requests for continuance between Porter's April 22, 2006 arrest and further confinement and a defense request for continuance in November 2008. The prosecution twice moved that the case be specially set for trial, on August 1, 2006 and March 6, 2008, respectively. The trial court acknowledged it did not put Porter's case on its trial calendar in the spring and summer of 2008, because it first had a death penalty case pending and then was campaigning for re-election. The trial court, therefore, scheduled the case for a September 26, 2008 calendar call and a December 9, 2008 trial date. In November 2008, Porter's defense counsel announced not ready for trial and requested a continuance, which request the trial court granted and continued the case to December 16, 2008. On December 15, 2008, however, trial counsel moved for a further continuance of the trial. Apart from Porter's motion to dismiss, filed on January 15, 2009, no further action in the case occurred until the date of the trial court's hearing on the motion on January 21, 2009. Approximately one year and eight months elapsed between the State's initial motion to specially set the case for trial and the second motion filed two months after the recusal of the original trial judge. Under these circumstances, the pretrial delay between Porter's April 22, 2006 arrest and the trial court's December 9, 2008 trial date, an additional two years and eight months, is properly attributable to the government. Porter is chargeable with the four months which followed culminating in the trial court's hearing on his motion on January 21, 2009.

Given the foregoing, approximately six years and eleven months is attributable to the government from the date of Porter's November 12, 2000 arrest and his initial trial date on December 9, 2008. Approximately two years pretrial delay is attributable to Porter. Under these circumstances, the trial court did not err in weighing the reason for delay in this case against the government.

3. *Timeliness of Porter's assertion of his right to a speedy trial.* While it is undisputed that Porter failed to file a statutory speedy trial demand until January 15, 2009, the record shows that Porter, pro se, but represented by counsel, filed a demand to be tried or dismissed on July 12, 2007. Inasmuch as such a demand does not

constitute a legally sufficient demand for a speedy trial (*Wallace v. State*, 288 Ga. App. 480, 481 (654 SE2d 442) (2007) (a pro se demand for speedy trial while a criminal defendant is represented by counsel is of no legal effect)), the trial court did not abuse its discretion in weighing this factor in favor of the government and against Porter. The question, therefore, is whether the trial court's finding as to the third *Barker-Doggett* factor is dispositive of the speedy trial issue before this Court. As to such question the relevant precedent provides that "[n]one of the [*Barker-Doggett*] factors [is] regarded as necessary or sufficient to finding deprivation of the right to a speedy trial, but rather the factors should be considered together in a balancing test of the conduct of the [government] and the defendant." (Citation and punctuation omitted.) *Giddens*, supra, 280 Ga. App. at 587. Consequently, we proceed to the fourth *Barker-Doggett* factor.

4. *Prejudice to defendant.* The State argues that the trial court erred in weighing the prejudice to defendant factor against it because, contrary to its finding that Porter's defense had not been impaired in the 2006 case, the trial court found that his defense had been impaired in the 2001 case — this notwithstanding the absence of evidence in both cases showing that material witnesses were deceased or that such testimony would not have been cumulative of the testimony of live witnesses. Pretermitting any error in the trial court as claimed, a substantial delay gives rise to a presumption of actual prejudice, because "greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense." (Citations omitted.) *Williams v. State*, 277 Ga. 598, 601 (1) (d) (592 SE2d 848) (2004). Where such delay results from government conduct, it compels relief for the defendant unless the State can rebut that presumption. See, e.g., *State v. White*, 282 Ga. 859, 863 (2) (d) (655 SE2d 575) (2008) (pretrial delay of five and one-half years gives rise to presumption of actual prejudice); *State v. Sutton*, 273 Ga. App. 84, 87-88 (614 SE2d 206) (2005) (presumption of prejudice resulting from approximately seven-year delay); *Williams*, supra, 277 Ga. at 600-601 (1) (d) (an "extraordinarily long" delay of five years in bringing an indictment to trial raises presumption of actual prejudice); *State v. Redding*, 274 Ga. 831, 832 (561 SE2d 79) (2002) (delay of 67 months). The State can rebut the foregoing presumption by showing that the defendant acquiesced in the delay by failing to timely assert his right to a speedy trial or otherwise benefitted from the delay. See *Harris v. State*, 284 Ga. 455, 456-457 (667 SE2d 361) (2008) (no presumption of actual prejudice despite pretrial delay of 65 months where defendant waited to the 60th month to assert the right, despite being

represented by counsel during that time); *Kramer v. State*, 287 Ga. App. 796, 799 (1) (652 SE2d 843) (2007) (six-year pretrial delay did not give rise to presumption of actual prejudice where "[t]he record strongly indicates that [the defendant] sought or knowingly acquiesced in the delay and that he did not want a speedy trial").

The Supreme Court of Georgia has described pretrial delay totaling approximately seven years as egregious. *Brannen v. State*, 274 Ga. 454, 455 (553 SE2d 813) (2001). See *Sutton*, supra, 273 Ga. App. at 86. The trial court found this to be such a case, and we agree. Actual prejudice to Porter upon such delay stands unrebutted, and, in large part, as negligently incurred for the convenience of the government. Consequently, the trial court did not abuse its discretion in dismissing the 2001 case based upon the denial of Porter's constitutional right to a speedy trial. *Ruffin*, supra, 284 Ga. at 65 (3).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 18, 2009 

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellant.

*Janet W. Hankins, Jimmonique R. S. Rodgers*, for appellee.