## A09A2301. GRIZZARD v. THE STATE.
### (688 SE2d 402)

BLACKBURN, Presiding Judge.

In this criminal action, William Grizzard appeals the trial court's denial of his plea in bar, in which he argued that he was denied his constitutional right to a speedy trial. He points to the more than eight-year delay between his arrest and the calling of his case for trial. In light of the extraordinarily long delay, we hold that the trial court abused its discretion in weighing lightly the State's admitted negligence in bringing this matter to trial and in discounting the actual prejudice that is presumed in delays exceeding five years. Accordingly, we reverse.

· The undisputed facts show that on October 10, 2000, Grizzard was arrested on six charges of child molestation, for which he was indicted on February 5, 2001. Although Grizzard was released on bond, he was required to wear an ankle monitor to ensure he stayed near home, which monitor remained with him until April 2008.

Shortly after his indictment, Grizzard moved to dismiss four of the indictment's six counts on statute of limitation grounds. In October 2001, the trial court denied the motion to dismiss but certified the matter for immediate review. On appeal, we reversed and ordered that the four counts be dismissed. *Grizzard v. State*.[1] The trial court received the remittitur in November 2002 and entered judgment accordingly.

Although more than two years had already passed since Grizzard's arrest, nothing happened in the case for the next six years on the remaining two counts. The State concedes that it did not diligently prosecute the case, that the case had fallen "off the radar" screen, and that even though the State was aware of the case and was responsible for calendaring cases, the case disappeared off the calendar and "just did not get prosecuted" until it began to appear on court calendars in late 2008. It was finally called for trial in February 2009, at which time Grizzard filed his plea in bar based on a violation of his Sixth Amendment rights.

In an order entered in February 2009, the trial court considered each of the various speedy trial factors set forth in the United States Supreme Court decisions of *Barker v. Wingo*[2] and *Doggett v. United States*.[3] The court concluded that the factors weighed against Grizzard and accordingly denied his motion and plea. Grizzard appeals this order.

---

[1] *Grizzard v. State*, 258 Ga. App. 124 (572 SE2d 760) (2002).

[2] *Barker v. Wingo*, 407 U. S. 514, 530-533 (IV) (92 SC 2182, 33 LE2d 101) (1972).

[3] *Doggett v. United States*, 505 U. S. 647, 651-654 (II) (112 SC 2686, 120 LE2d 520) (1992).

Based on *Barker*, supra, and *Doggett*, supra, a court should engage in a two-stage analysis when considering an accused's plea in bar based on an alleged violation of his Sixth Amendment right to a speedy trial.

> In the first stage of the analysis, the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial. The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation [whichever comes first — see *Boseman v. State*[4]] to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion. If the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.

(Citations and punctuation omitted.) *West v. State*.[5] As an appellate court, we review the trial court's denial of a motion to dismiss an indictment on speedy trial grounds for abuse of discretion and defer to the trial court's findings of fact and its weighing of disputed facts. Id. at 17 (B). See *State v. White*.[6]

1. *Presumptive Prejudice.* The record shows that over eight years elapsed from the time of Grizzard's October 2000 arrest until his case came up for trial in February 2009, at which time he moved to dismiss the indictment on speedy trial grounds.[7] As the State concedes, such a delay in the prosecution of this case raised a threshold presumption of prejudice. See *State v. Reid*[8] ("[a]s the delay approaches one year[,] it generally is presumptively prejudicial") (punctuation omitted). Accordingly, we proceed to the second stage of the constitutional speedy trial analysis and consider the four-factor balancing test.

---

[4] *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

[5] *West v. State*, 295 Ga. App. 15, 16 (670 SE2d 833) (2008).

[6] *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008).

[7] We recognize that during those eight years, one year was consumed in Grizzard's appeal to rectify the trial court's error in failing to dismiss four of the six counts. The State readily concedes, however, that it was negligent in failing to prosecute Grizzard's case during the other seven years, especially the six years following the return of the remittitur from our Court.

[8] *State v. Reid*, 298 Ga. App. 235, 238 (2) (a) (679 SE2d 802) (2009).

## 2. *Barker-Doggett Balancing Test.*

The four factors that form the core of the constitutional speedy trial balancing test are: (1) whether the delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted the right to a speedy trial, and (4) whether he or she suffered prejudice as the delay's result. None of the *Barker-Doggett* factors is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. The four factors emphasized in *Barker* and *Doggett* do not constitute an exhaustive list; they have no talismanic qualities and must be considered together with such other circumstances as may be relevant given the animating principles behind the speedy trial guarantee. Thus, the second stage of the constitutional speedy trial analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis.

(Citations and punctuation omitted.) *West*, supra, 295 Ga. App. at 16-17 (B).

(a) *Whether the delay before trial was uncommonly long.* As the State concedes, an over eight-year delay in bringing a defendant to trial on child molestation charges is uncommonly long. The record shows that the trial court properly weighed this factor against the State. See *West*, supra, 295 Ga. App. at 17 (B) (1).

(b) *Whether the government or the criminal defendant is more to blame for the delay.* Once again, the State concedes that it was at fault for the delay, particularly during the six years following the return of the remittitur. The trial court held that because there was no evidence that the State deliberately attempted to delay the trial in order to hamper the defense, this delay caused by the State's negligence in allowing this case to languish is a negative that the trial court considered relatively benign and that it weighed more lightly than deliberate action by the State to harm the defense. See *West*, supra, 295 Ga. App. at 17 (B) (2).

However, the trial court failed to account for the fact that "the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies inversely with its protractedness." (Punctua-

tion omitted). *State v. Sutton*.[9] Here, this eight-year delay is much longer than the five-year delays roundly condemned by our Courts as so egregious and so long that actual prejudice is presumed. See, e.g., *Brannen v. State*[10] (seven-year delay is "egregious"); *White*, supra, 282 Ga. at 863 (2) (d) (five-and-one-half-year delay raises presumption of actual prejudice); *Nelloms v. State*[11] (four-year delay is "egregious"); *Sutton*, supra, 273 Ga. App. at 87. Clearly, if ever there were a case in which the weight assigned to official negligence should be compounded, this is the case. Since our toleration of such negligence diminishes in proportion to the protractedness of the delay, the eight-year delay here — even if reduced by one year to account for Grizzard's successful appeal — mandated that the trial court should have compounded the weight and weighed this factor *heavily* against the State, not merely benignly. The trial court clearly erred and abused its discretion in this regard.

(c) *Whether, in due course, the defendant asserted the right to a speedy trial.* Although a request for a speedy trial is not a prerequisite to a plea in bar based on constitutional speedy trial grounds, the defendant's assertion of or failure to assert his right to a speedy trial is certainly a factor to be considered. *Barker*, supra, 407 U. S. at 528 (III). "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Punctuation omitted.) *Frazier v. State*.[12]

In this case, Grizzard never filed a statutory demand for speedy trial pursuant to OCGA § 17-7-170 and only raised his constitutional right to a speedy trial in a motion to dismiss on that basis filed on the eve of trial more than eight years after his arrest. Grizzard claims that when he appeared for trial in 2001 (which trial was aborted so as to allow him to pursue his appeal of the order denying the dismissal of the first four counts of the indictment), the mere fact that he appeared at trial constituted an assertion of his right to a speedy trial. Beyond the fact that Grizzard cites no authority for this proposition, we note that even the filing of a demand for a jury trial "does not invoke either a constitutional or statutory right to a speedy trial." (Punctuation omitted.) *Nusser v. State*.[13] Similarly, we hold that appearing for trial does not invoke either a constitutional or statutory right to a speedy trial.

Nevertheless, the trial court *did not* weigh this factor heavily

---

[9] *State v. Sutton*, 273 Ga. App. 84, 86 (614 SE2d 206) (2005).

[10] *Brannen v. State*, 274 Ga. 454, 455 (553 SE2d 813) (2001).

[11] *Nelloms v. State*, 274 Ga. 179, 179-180 (549 SE2d 381) (2001).

[12] *Frazier v. State*, 277 Ga. App. 881, 882 (c) (627 SE2d 894) (2006).

[13] *Nusser v. State*, 275 Ga. App. 896, 899 (622 SE2d 105) (2005).

against Grizzard but instead exercised its discretion under these particular circumstances (where the State was so dilatory in pursuing the matter) to "weigh[ ] this factor equally against the State and the accused." We discern no abuse of discretion in this decision.

(d) *Whether the defendant suffered prejudice as a result of the delay.* In evaluating the final *Barker-Doggett* factor, "we consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." *Nelloms*, supra, 274 Ga. at 181. Focusing only on the most important third interest, Grizzard does not point to any specific evidence showing that his ability to present a defense was impaired, but instead argues that because of the length of the delay, he need not show "particularized prejudice" in order to prevail on his constitutional speedy trial claim. We agree with Grizzard.

As stated earlier, Georgia courts have "concluded that a delay exceeding five years entitles a defendant to a presumption of actual prejudice." *Arbegast v. State*[14] (see cases cited therein). See also *Moore v. State*;[15] *Hester v. State*.[16] Under such circumstances, the defendant need not make any particularized showing of prejudice, as the prejudice inherent in such a lengthy delay (witnesses' loss of memory, staleness of evidence, etc.) is obvious and precludes a need for such a showing. Indeed, as explained in *Sutton*, the presumption of prejudice to the defense is "strong" in such cases of extraordinary delay:

> *Barker* explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. And though time can tilt the case against either side, one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.
>
> In this case, given the inordinately lengthy [seven-year] delay between arrest and the time the case was called for a final hearing, *combined with the correspondingly strong presumption of prejudice to the defense and the negligence of*

---

[14] *Arbegast v. State*, 301 Ga. App. 462, 465 (2) (d) (688 SE2d 1) (2009).
[15] *Moore v. State*, 294 Ga. App. 570, 574 (1) (d) (669 SE2d 498) (2008).
[16] *Hester v. State*, 268 Ga. App. 94, 99 (4) (601 SE2d 456) (2004).

*the prosecution in failing to move the case*, the trial court did not abuse its discretion in dismissing the indictment for denial of [defendant's] constitutional right to a speedy trial, notwithstanding the fact that [defendant] was released on bond at his preliminary hearing and did not assert his speedy trial right until long after the indictment was brought.

(Punctuation and footnote omitted; emphasis supplied.) Supra, 273 Ga. App. at 87.

The trial court here, however, allowed the presumption of actual prejudice to be rebutted by Grizzard's failure to assert his right to a speedy trial until the eve of trial. See *Arbegast*, supra, 301 Ga. App. at 465 (2) (d). But "rebut" is the wrong concept; as stated in *Doggett*, to "rebut" the presumption of actual prejudice means that the State must "affirmatively prove[ ] that the delay left [the defendant's] ability to defend himself unimpaired." Supra, 505 U. S. at 658 (III) (B), n. 4. The State presented no such evidence here.

Rather, at most, *Doggett* held that under certain circumstances, a defendant may be found to have acquiesced in the delay, which acquiescence may only "extenuate" the presumption of prejudice. Supra, 505 U. S. at 658 (III) (B). Such acquiescence is properly found, however, only where, as in *Barker*, the "record . . . strongly indicates . . . that the defendant did not want a speedy trial." Supra, 407 U. S. at 536 (V). Indeed, *Barker* emphasized that "[c]ourts . . . should not presume acquiescence in the loss of fundamental rights." (Punctuation omitted.) Id. at 525-526 (III). No such acquiescence is present here where Grizzard appeared ready for trial in 2002, picked a jury, and was only prevented from having his case tried by the trial court's erroneous refusal to dismiss four of the counts on statute of limitation grounds, which led to his successful interlocutory appeal on the matter. Based on such a record, we hold, as in *State v. Porter*,[17] that "[a]ctual prejudice to [Grizzard] upon such delay stands unrebutted, and, in large part, as negligently incurred for the convenience of the government." Accordingly, the trial court failed to weigh the prejudice factor heavily against the State.

(e) *Balancing the factors*. The only factor weighing against Grizzard was his failure to assert his right to a speedy trial sooner. Yet the Supreme Court in *Barker* was quite clear that

[a] defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is

---

[17] *State v. Porter*, 300 Ga. App. 128, 133 (4) (684 SE2d 299) (2009).

consistent with due process. Moreover, . . . society has a particular interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest.

(Footnotes omitted.) Supra, 407 U. S. at 527 (III). Thus, *Barker* soundly rejected the concept "that a defendant who fails to demand a speedy trial forever waives his right." Id. at 528 (III). The Supreme Court reasoned that "presuming waiver of a fundamental right from inaction is inconsistent with this Court's pronouncements on waiver of constitutional rights," which requires "an intentional relinquishment or abandonment of a known right or privilege," indulging "every reasonable presumption against waiver." (Punctuation omitted.) Id. at 525 (III).

The other three factors weighed heavily against the State and in favor of Grizzard, and the trial court chose to weigh the "failure to assert speedy-trial rights" factor equally against the State and Grizzard. Were we to hold that the one factor against Grizzard — his failure to assert his right to a speedy trial sooner — alone justified the denial of his plea in bar, we would in effect through the back door be resurrecting the rejected rule that a defendant indeed waives his right to a speedy trial through inaction. This we decline to do.

Since three of the four factors weighed in favor of [Grizzard], with only one against [him] (and then not heavily), we hold that the trial court abused its discretion in denying [Grizzard's] motion to dismiss on speedy trial grounds. We therefore reverse the trial court's ruling and direct the trial court to dismiss the charges against [Grizzard].

*Hester*, supra, 268 Ga. App. at 100-101 (4).
*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED DECEMBER 14, 2009.

*Banks, Stubbs, Neville & Cunat, Rafe Banks*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.