## A10A1877. DAVIS v. THE STATE.
### (709 SE2d 343)

PHIPPS, Presiding Judge.

Antonio Davis[1] appeals the denial of his motion to dismiss his indictment for violation of his constitutional right to a speedy trial. Because the trial court clearly erred in reaching several material factual findings, we vacate the court's judgment and remand the case for further proceedings.[2]

Davis was arrested on November 21, 2006 in Fulton County for child molestation. On May 18, 2007, he was indicted for child molestation and sexual battery. On November 16, 2009, he moved to dismiss the indictment, asserting that his right to a speedy trial under the United States Constitution and Georgia Constitution had been denied.

A hearing on Davis's motion to dismiss was held on February 25, 2010, at which three prosecutors who had been involved in his case testified that they had not intentionally delayed taking the case to trial and had not intended to hamper Davis's defense. The initial prosecutor further testified that she had performed some preliminary work on the case and had appeared at an October 2007 plea hearing, at which time Davis was in a bond forfeiture. The second prosecutor testified that in June 2008 he made a single court appearance on behalf of the state in Davis's case. He also testified that Davis's file contained the following note, dated May 5, 2008: "P&A, defendant FTA, bench warrant, bond forfeiture." He did not know who entered that note in the file.

The third prosecutor testified that she was assigned to Davis's case in the spring of 2009, and that in September 2009, a plea hearing and arraignment were held. She testified that, after Davis

---

[1] Davis has asserted to both the trial court and this court that his legal first name is not "Antonio" but "Antoniel." He was indicted under the name "Antonio Davis," however, and the order from which he appeals reflects that name.

[2] See *State v. Pickett*, 288 Ga. 674, 678 (2) (d) (706 SE2d 561) (2011).

filed his motion to dismiss on speedy trial grounds, she became aware that, in February 2008, he had been arrested on another charge in Fulton County and that, in March 2008, he had pled guilty to this charge and been sentenced to two years in prison. Davis pled guilty and was convicted in that other case under the name "Antoniel Davis." The state showed the prosecutor a copy of the "GCIC" report of Davis's criminal history; she testified that the report reflected the name "Antoniel Davis" and had enabled her to determine that, while the instant case was pending, Davis also had been involved in the other criminal case in Fulton County.

The state tendered into evidence at the speedy trial hearing a copy of Davis's other Fulton County conviction. The record does not show that any other documentary evidence was admitted. The court denied Davis's motion to dismiss on March 5, 2010.

A speedy trial is guaranteed an accused by the Sixth Amendment to the United States Constitution and also Art. I, Sec. I, Par. XI (a) of the Georgia Constitution. The right to a speedy trial attaches at the time of arrest or when formal charges are brought, whichever is earlier.[3] In *Barker v. Wingo*,[4]

> the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated[:] (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.[5]

In denying Davis's motion to dismiss, the trial court set forth findings regarding the *Barker* factors and, in weighing the factors, determined that Davis's right to a speedy trial had not been violated. We review this ruling for abuse of discretion.[6] However, "where . . . the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial

---

[3] *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).
[4] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).
[5] *State v. Lattimore*, 287 Ga. 505-506 (696 SE2d 613) (2010) (citations omitted).
[6] Id. at 506.

court's ultimate ruling is diminished."[7] Thus,

> [i]f the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment.[8]

1. *Threshold Inquiry.*

In denying the motion to dismiss, the trial court correctly determined that the length of the pretrial delay (over three years from his arrest on November 21, 2006 to the denial of his motion to dismiss on March 5, 2010) was presumptively prejudicial, triggering an analysis of the remaining *Barker* factors.[9]

2. *The Four Barker Factors.*

(a) *Length of the Delay.* The trial court properly weighed the over three-year delay against the state.[10]

(b) *Reason for the Delay.* The court found that the case "moved through the court system with regularity and with customary speed and was delayed due to [Davis's] bench-warrant status and use of an alias in either this case or another unrelated criminal case within which he entered a guilty plea while this case has been pending." The court further took "judicial notice of the heavy court dockets and recognize[d] it, in part, contributed to the delay of the prosecution of the case." It concluded that the delay was to be weighed "only benignly" against the state.[11]

Generally, delay attributed to the state's negligence, rather than a deliberate act, is weighed as a "relatively benign" factor against the state.[12] And Davis has not pointed to any evidence showing that the state deliberately attempted to delay the trial.[13]

---

[7] *Williams v. State*, 277 Ga. 598, 601 (1) (e) (592 SE2d 848) (2004).

[8] *Pickett*, supra at 679 (2) (d).

[9] See *Ruffin v. State*, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008) (period of delay considered ended when trial court denied motion to dismiss indictment; delay of over two years was presumptively prejudicial).

[10] See id. at 59 (2) (b) (i).

[11] See generally *State v. Johnson*, 274 Ga. 511, 513 (2) (555 SE2d 710) (2001) (overcrowded docket weighs less heavily against the state than intentional delay).

[12] *Jackson v. State*, 272 Ga. 782, 784 (534 SE2d 796) (2000). See generally *Ruffin*, supra at 61 (2) (b) (ii) (where no reason appears for a delay, we must treat the delay as caused by the negligence of the state in bringing the case to trial).

[13] See *State v. Giddens*, 280 Ga. App. 586, 588 (634 SE2d 526) (2006). Compare *Hayes v. State*, 298 Ga. App. 338, 343 (2) (b) (680 SE2d 182) (2009) (state's decision to dead-docket, rather than dismiss, case was not a "benign" reason for delay, and thus this factor should have been weighed heavily against the state).

Nevertheless, the court erred in its factual findings regarding Davis's role in the delay. The evidence presented at the speedy trial hearing did not support the court's findings that the delay in prosecuting Davis's case was caused either by his "bench-warrant status" (the duration of which was not established) or his use of another name. None of the prosecutors testified that the "bench-warrant status" or Davis's involvement in another Fulton County case under the name "Antoniel Davis" hindered their ability to prosecute the case. The trial court also did not elaborate on how these facts contributed to the delay. And the state does not, in its appellate brief, offer any argument or point to any evidence to show why these circumstances delayed Davis's case in any meaningful respect; rather, the state merely cites to the trial court's order as evidence that these circumstances delayed the case. Accordingly, in weighing this factor, the trial court made factual findings that were not supported by the evidence.

(c) *Davis's Assertion of His Right to a Speedy Trial.* The court found that Davis "never" asserted his right to a speedy trial but instead waited more than three years "merely to ask for the windfall dismissal of his case." Thus, the court weighed this factor heavily against Davis.

The finding that Davis never asserted his right to a speedy trial was incorrect. Although he did not make a statutory speedy trial demand, he did assert his constitutional right to a speedy trial in his motion to dismiss the indictment.[14] Nevertheless, Davis did not file this motion until nearly three years after his arrest. In *Brown v. State*,[15] the Supreme Court of Georgia held that a delay of slightly more than three years should normally be weighed heavily against the defendant.[16]

The trial court, however, also found that Davis had "never notified his attorney of this pending criminal matter or asked that the cases be consolidated for resolution or disposition." No evidence was presented at the speedy trial hearing to support those factual findings.[17] Accordingly, in weighing this factor, the trial court made

---

[14] See *Hayes*, supra at 345-346 (2) (c) (filing a statutory speedy trial demand is not a prerequisite for a claim of a constitutional speedy trial violation, which may be made in a motion to dismiss the indictment).

[15] 287 Ga. 892 (700 SE2d 407) (2010).

[16] See id. at 895 (1) (c).

[17] The record in this case shows that, beginning in September 2008, Davis wrote a series of pro se letters to the trial judge and clerk of court, asking about the status of this case; one such letter noted that he would soon be eligible for parole in his other case. Although these letters were in the record, they were not introduced into evidence at his speedy trial hearing. See *State v. Porter*, 288 Ga. 524, 529 (2) (c) (4) (705 SE2d 636) (2011) (defendant's pro se letter to court, which was not offered into evidence at the hearing on a motion to dismiss on speedy

factual findings that were not supported by the evidence.

(d) *Prejudice.* In evaluating the factor of prejudice to the defendant, "we consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired."[18] The trial court found that Davis had failed to establish oppressive pretrial incarceration, in that some of his time spent incarcerated had been in serving a sentence on his conviction in the other case. It found that Davis had "failed to show any anxiety or concern over the pendency of this case as shown by [his] failure to request a speedy resolution of this case so that any time served in this case may have run concurrent with time served in the [other] case." And it found that Davis had failed to present any specific evidence that his ability to defend himself had been impaired, noting that it was not persuaded by Davis's allegations in that regard, finding that the fact that the alleged victim (a child) would be older might benefit Davis, and finding that, due to the alleged location of the crime (inside an apartment), "there are no eye-witnesses to be found in this case." The trial court weighed the prejudice factor heavily against Davis.

Many of these factual findings lacked evidentiary support. No evidence was presented at the speedy trial hearing to support Davis's allegations of prejudice or to support the state's rebuttal of those allegations. Simply put, the hearing evidence did not address this issue, other than to demonstrate that Davis, for a period of the time at issue, had been incarcerated for another crime, and that Davis had not sought a speedy trial until he filed his motion to dismiss the indictment. Accordingly, in weighing this factor, the trial court made factual findings that were not supported by the evidence.

(e) *Balancing the Four Factors.*

Here, the trial court clearly erred in reaching certain factual findings material to three of the four *Barker* factors — the cause of the delay, the assertion of the right to speedy trial, and prejudice. Thus, the deference we owe to the trial court's ultimate ruling is diminished.[19] And we cannot conclude that, putting aside those factual errors, the trial court would have still been required to weigh those factors in the manner in which it did, so as to determine that Davis's right to a speedy trial had not been violated.[20] "If all four

---

trial grounds, could not be used as support of the trial court's findings in deciding motion).

[18] *Lattimore,* supra at 506-507 (citation omitted).

[19] See id.; *Williams,* supra.

[20] See *Pickett,* supra. See generally *Porter,* supra (degree to which prejudice could be presumed, and weight given to presumptive prejudice, depended in part on weight given by

[*Barker*] factors point in one direction, the result of weighing them together will be clear, but otherwise, under the circumstances of a particular case, any one factor may be weighty enough to tip the balance."[21] And "[i]t is not the job of the appellate court . . . to weigh the *Barker* factors in the first instance."[22]

Accordingly, we vacate the trial court's judgment and remand the case for the trial court to exercise its discretion using properly-supported factual findings.[23]

*Judgment vacated and case remanded. Miller, P. J., and McFadden, J., concur.*

DECIDED MARCH 28, 2011.

*Alixe E. Steinmetz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellee.

---

court to other *Barker* factors); *Ruffin*, supra at 60-61 (2) (b) (ii) (delay caused by state's negligence, while generally weighed benignly against state, may be given different weight depending on circumstances); *Gray v. State*, 303 Ga. App. 97, 101-102 (d) (iii) (692 SE2d 716) (2010) (discussing dependence of prejudice analysis upon weight given to other *Barker* factors).

[21] *Porter*, supra at 532 (2) (d).

[22] *Pickett*, supra at 679-680 (2) (d).

