## A11A2315. MOORE v. THE STATE.

(723 SE2d 508)

MCFADDEN, Judge.

Willie Moore appeals the order denying his motion to dismiss the indictment against him for violation of his constitutional right to a speedy trial. Because we conclude that the trial court did not abuse its discretion in weighing the relevant factors for determining whether there has been a constitutional speedy trial violation, we affirm.

This is the third appearance of the case before the court. In its first appearance, *Moore v. State*, 294 Ga. App. 570 (669 SE2d 498) (2008) (*"Moore I"*), we noted that the key facts were stipulated and described the factual background as follows:

On April 19, 2004, Moore was arrested on the charge that he had molested his stepdaughter; within ten days, he was appointed counsel. He was able to post bond within a month of the arrest. From thence until October 2007, the matter lingered with the police and the district attorney's offices; no indictment was obtained until November 29, 2007 (more than 43 months after the arrest), which included charges of statutory rape, aggravated child molestation, and child molestation. During the forty-three-month delay, the State lost two key files: the CID file containing the medical examinations and medical reports concerning the child victim, which included the results of the examination of the child's vaginal area and hymen; and the main investigative report (and all case notes) created by the law enforcement agency investigating the case. No one could identify the physician who performed the medical examination nor the facility at which the examination took place.

On January 7, 2008, Moore was arraigned and pled not guilty. On January 15, Moore filed a plea in bar, moving to dismiss the case on the ground that his constitutional right to a speedy trial had been violated. Simultaneously, he filed a special demurrer (arguing that the indictment was defective in that it alleged only a range of dates for the criminal acts) and a demand for a speedy trial; however, he withdrew the speedy trial demand less than a month later on February 12. In April 2008, the court conducted an evidentiary hearing on the plea in bar, at which Moore's wife testified and at which the parties stipulated to the key facts. In June 2008, the court entered an order making relevant findings of fact and denying the plea in bar; in that same order, the

> court also denied the special demurrer on the ground that it was untimely (having been filed after arraignment).

Id. at 571. We affirmed the trial court's order denying Moore's plea in bar, id. at 576 (1), but vacated the trial court's order denying his special demurrer as untimely and remanded the case with instruction to the trial court to hold a hearing to allow the state to present evidence on the demurrer. Id. at 576-577 (2). The remittitur was sent to the trial court on December 5, 2008.

Upon remand, the trial court granted the special demurrer, and within five weeks, on October 28, 2009, the state re-indicted Moore on charges of statutory rape, child molestation, and false imprisonment. On December 16, 2009, Moore filed a demand for speedy trial, plea in bar and motion to dismiss the second indictment, contending that his constitutional right to a speedy trial had been violated. The trial court denied the motion on February 12, 2010, and Moore appealed.

In *Moore v. State*, 309 Ga. App. 519 (710 SE2d 692) (2011) ("*Moore II*"), we vacated the order denying the motion to dismiss and remanded the case, directing the court to enter findings of fact and conclusions of law. The remittitur was sent to the trial court on May 25, 2011. The trial court entered a new order denying the motion on June 23, 2011. Moore now appeals the order entered upon remand.

The template for deciding all constitutional speedy trial claims is laid out in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992). *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008). The analysis has two stages.

> In the first stage of the analysis, the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial. The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation[,] whichever comes first[,] to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion. If the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.

(Citations and punctuation omitted.) *Ferguson v. State*, 303 Ga. App. 341, 342 (693 SE2d 578) (2010). The four factors to be considered in

the case of presumptively prejudicial delay are (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. *State v. Redding*, 274 Ga. 831, 831-832 (561 SE2d 79) (2002). We review the trial court's decision under an abuse of discretion standard. Id. at 832. And we defer to the trial court's findings of fact and its weighing of disputed facts. *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008).

1. "Where a trial has not occurred, the delay should be calculated from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied." *State v. Porter*, 288 Ga. 524, 526 (2) (b) (705 SE2d 636) (2011). The length of the delay, more than 84 months from Moore's April 19, 2004, arrest to the trial court's June 23, 2011, denial of his motion to dismiss, is presumptively prejudicial. *Doggett*, 505 U. S. at 652, n. 1 (delay is presumptively prejudicial as it approaches one year). The trial court therefore properly proceeded to apply the *Barker* factors in the second stage of the analysis.

2. (a) After determining that the delay is presumptively prejudicial so as to trigger application of the four factors of *Barker*, the length of delay must be reconsidered as the first factor. *Ruffin*, 284 Ga. at 56-57 (2) (b) (i). "This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify." (Citation and punctuation omitted.) *Hayes v. State*, 298 Ga. App. 338, 341 (2) (a) (680 SE2d 182) (2009).

> [W]e note that although the trial court properly concluded that the delay in this case was sufficient to require an analysis of [Moore's] speedy trial claim, it does not appear from our reading of the order that the court weighed the length of the delay in conducting that analysis. . . . [T]o the extent the trial court failed to consider this factor in the *Barker-Doggett* balancing test, it erred.

(Citations and punctuation omitted.) *Arbegast v. State*, 301 Ga. App. 462, 464 (2) (a) (688 SE2d 1) (2009). Although the trial court should have considered this factor in the *Barker-Doggett* balancing test and weighed it against the state, the error is not dispositive of whether the trial court abused its discretion. See *Ruffin*, 284 Ga. at 57 (2) (b) (i), 65-66 (3). See also *Brannen v. State*, 262 Ga. App. 719, 720 (586 SE2d 383) (2003) (declining to consider the portion of delay that had already been the subject of a speedy trial appeal on ground that its prejudice to defendant already had been litigated).

(b) As for the second *Barker* factor, the reason for the delay, the trial court considered the delay in two phases: the delay that took

place between Moore's arrest and the first motion to dismiss, and the delay that occurred subsequent to the ruling on that motion. The court found that the state's negligence caused the first phase of the delay, a finding that we affirmed in *Moore I*, 294 Ga. App. at 572-573 (1) (b).

It also found that because there was no evidence that Moore caused the second phase of delay, that delay also weighed against the state. The court found, however, that there was likewise no evidence that the state intentionally caused this delay. Absent evidence that "the state deliberately attempted to delay the trial in order to hamper the defense," this factor, even though weighing against the state, is relatively benign. (Citation omitted.) *Carraway v. State*, 263 Ga. App. 151, 154 (2) (587 SE2d 152) (2003). The court properly weighed this factor. Id.

Moore argues that the trial court abused its discretion because it failed to account for its own role in contributing to the delay. But the court did assess the reason for the delay against the state, and Moore does not argue that the trial court intentionally delayed his proceedings so as to show that the trial court abused its discretion by determining that the reasons for delay were benign. For that matter, the trial court did not take into consideration the 21 months of delay caused by Moore's prior appeals. See *Brewington v. State*, 288 Ga. 520, 522-523 (3) (b) (i) (705 SE2d 660) (2011) (holding that, where the trial court had denied the speedy trial claim, its error in the defendant's favor could not have affected its ultimate judgment, allowing the judgment to be affirmed).

Moore also argues that the trial court abused its discretion in determining that the state's delay was negligent instead of intentional. He points to the fact that the state waited 43 months after his arrest to file the original indictment. In *Moore I*, however, we found that "there was no evidence that this delay was malicious, but rather it appeared it was simply the neglect of government agents." *Moore I*, 294 Ga. App. at 573 (1) (b). He argues that the state's failure to re-indict him for more than a month after the trial court granted his demurrer to the original indictment reflects an intentional delay. We reject this argument. See *Zeger v. State*, 306 Ga. App. 474, 478 (3) (702 SE2d 474) (2010) (solicitor-general's almost-six-month delay in returning accusation was not evidence of intent to hamper defense).

(c) The third *Barker* factor is the defendant's assertion of the right to a speedy trial. "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001). The remittitur in Moore's first appeal was sent in December 2008. The trial court granted the special demurrer in

September 2009, and Moore was re-indicted on October 28, 2009. He filed his demand on this indictment on December 16, 2009. The trial court found that Moore timely asserted his right to speedy trial after he was re-indicted. The trial court properly weighed this factor.

(d) The trial court weighed the final *Barker* factor, prejudice to the defense, against Moore. When evaluating the prejudice factor in the speedy trial analysis, courts must consider the "three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." (Citation omitted.) *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

The trial court did not make findings or conclusions on the first two interests, pretrial incarceration and anxiety and concern.

> If the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment.

(Citation omitted.) *State v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011).

We conclude that had the court considered these two interests, it would have had no discretion to reach a judgment different than it did: that Moore did not show that the delay prejudiced his defense. At the hearing on the motion to dismiss, Moore conceded that he did not suffer oppressive pretrial incarceration. As for his anxiety and concern, Moore testified about the strain the charges have placed on his marriage and the fact that six months before the hearing, because of his bond conditions, he had to move from his house because his stepson had moved back in. In *Moore I*, we observed that Moore did not challenge the trial court's finding that he had not suffered any unusual anxiety or concern from the delay. *Moore I*, 294 Ga. App. at 574 (1) (d). And his testimony did not show that he suffered unusual anxiety or concern subsequent to *Moore I* because of the delay. See *Simmons v. State*, 304 Ga. App. 39, 43-44 (2) (d) (696 SE2d 75) (2010) ("Anxiety and concern are always present to some extent, and thus absent some unusual showing not present here, they are not likely to be determinative in defendant's favor.") (citation and punctuation omitted). Had the trial court considered the factors of oppressive pretrial incarceration and anxiety and concern, it would have had no discretion to reach a different judgment than the judgment it reached, that Moore has not shown

prejudice because of those factors.

As for the most important third factor, see *Nelloms*, 274 Ga. at 181, the trial court found that Moore had shown no impairment of his defense because of the delay. Moore argues his defense was impaired because the state has lost the medical examination and evaluation of the victim, and the investigative case file. He asserts that the medical examination would show that the victim's hymen was intact after the alleged assault. He also argues that the trial court abused its discretion in requiring him to prove actual prejudice. Instead, he asserts, given the extraordinary length of the delay, prejudice should be presumed.

> Although the passage of time is not alone sufficient to sustain a speedy trial claim, greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense.

(Citations omitted.) *Williams v. State*, 277 Ga. 598, 601 (1) (d) (592 SE2d 848) (2004). However, "the weight given to presumed prejudice may be reduced or even eliminated if the [s]tate can show that the defense has not, in fact, been substantially impaired." *Porter*, 288 Ga. at 532 (2) (d).

The delay in this case is substantial, but we have already affirmed in *Moore I* the trial court's earlier finding that the loss of the files did not impair Moore's defense, noting that Moore made no efforts to obtain for himself the medical examination records and that he made no showing that the files would have exonerated him. *Moore I*, 294 Ga. App. at 575 (1) (d).

> Although the "law of the case" rule has been statutorily abolished, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be. This law of the case rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases.

(Citation omitted.) *Bass v. State*, 287 Ga. App. 600 (653 SE2d 749) (2007). Our prior ruling that Moore has not shown impairment to his defense due to loss of the files is binding. Moore has alleged no impairment to his defense that has occurred subsequent to our prior holding that the loss of the files did not impair his defense.

(e) "A trial court exercises substantial discretion in applying the

*Barker* balancing test, and its ultimate judgment is reviewed on appeal only for abuse of that discretion." (Citation omitted.) *Porter*, 288 Ga. at 533 (2) (e). The trial court properly found that the length of delay was presumptively prejudicial, requiring analysis of the *Barker* factors, although the trial court did err in failing to consider the length of delay factor separately from its threshold presumptive prejudice analysis. As to the reason for delay, the trial court properly weighed this factor against the state, taking into account the relatively benign culpability. The trial court also properly weighed the factor that Moore promptly asserted his right. Finally, the substantial pretrial delay established a presumption of prejudice, but the trial court correctly determined that Moore failed to substantiate this presumption with any evidence of actual impairment to his defense.

We conclude that, had the trial court properly considered all relevant factors, it would have had no discretion to reach a judgment different than the judgment it reached. *Pickett*, 288 Ga. at 679 (2) (d). We therefore affirm the trial court's denial of Moore's motion to dismiss his indictment.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

### DECIDED FEBRUARY 17, 2012.

*Jay M. Jackson*, for appellant.

*Tracy. Graham-Lawson, District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.