**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 15, 2012**

# In the Court of Appeals of Georgia

A12A0504. GODDARD v. THE STATE.

MILLER, Judge.

This is the second appearance of the case before this Court. In the first appearance, *Goddard v. State*, 310 Ga. App. 2, 5 (2) (712 SE2d 528) (2011) ("*Goddard I*"), we vacated the trial court's order as it concerned Allen Goddard's plea in bar on constitutional speedy trial grounds and remanded the case for the entry of a proper order pursuant to *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 22 LE2d 101) (1972). Following remand, the trial court entered another order denying Goddard's plea in bar on constitutional speedy trial grounds. Goddard now appeals the order entered upon remand. For the reasons set forth below, we vacate the trial court's order and remand this case for a second time for the trial court's reconsideration.

"We review a denial of a motion to dismiss the indictment on speedy trial grounds for abuse of discretion." (Citation and punctuation omitted.) *Stewart v. State*, 310 Ga. App. 551 (713 SE2d 708) (2011).

In *Goddard I*, we described the relevant factual background as follows:

> Goddard was arrested [on December 17, 1992] for snatching a cash box from an employee of a tanning business, and [was] subsequently indicted for robbery [OCGA § 16-8-40 (a) (5)] in Newton County on February 19, 1993. On April 12, 1993, the State received a letter from Goddard to the "Newton County Court" stating that he was incarcerated in Fulton County under an alias and that he thought it would be best to "let Newton County know where I'm at before my court date comes up." On December 28, 1993, Goddard was charged by accusation with reckless driving [OCGA § 40-6-390 (a)] and fleeing and attempting to elude [OCGA §§ 40-6-395 (a)] in connection with the robbery. Less than a month later, on January 20, 1994, Goddard filed a demand for speedy trial pursuant to OCGA § 17-7-170 seeking an acquittal on all three charges filed in Newton County.

> Goddard was released from jail in Fulton County on an unrelated offense on February 1, 1994. On February 11, 1994, the clerk of court mailed Goddard's notice of trial on the Newton County charges to the wrong address, and when his case was called for trial on February 28, 1994, Goddard failed to appear. The trial court issued a bench warrant

2

for his arrest, but the case was subsequently dead-docketed.[1] Goddard claims, and the State does not dispute, that from March 14, 1994[,] until he was finally arrested and transported to Newton County on March 25, 2010, Goddard was in and out of jail in at least two other counties.

Goddard filed a plea in bar on both constitutional and statutory speedy trial grounds on May 19, 2010. The trial court summarily denied Goddard's plea in bar on both grounds [on July 14, 2010].

(Punctuation omitted.) *Goddard I*, supra, 310 Ga. App. at 2-3. In *Goddard I*, supra, 310 Ga. App. at 4 (1), this Court affirmed the trial court's denial of Goddard's plea in bar on statutory speedy trial grounds with regard to the robbery charge, but reversed with regard to the charges of fleeing and attempting to elude and reckless driving. However, this Court vacated the trial court's order as it concerned Goddard's

---

[1] We note that

[d]ead docketing is a procedural device by which the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court. Placing a case upon the dead docket certainly constitutes neither a dismissal nor a termination of the prosecution in the accused's favor. A case is still pending which can be called for trial at the judge's pleasure.

(Citation and punctuation omitted.) *Barrett v. Sanders*, 262 Ga. App. 63, 66 (2) (584 SE2d 676) (2003).

plea in bar on constitutional speedy trial grounds and remanded the case for proper consideration of the *Barker* factors. Id. at 5 (2). Following remand, specifically on September 7, 2011, the trial court denied Goddard's plea in bar on constitutional speedy trial grounds. Goddard has filed the instant appeal to challenge the trial court's decision.

> An analysis of a constitutional speedy trial claim has two stages. The first stage requires a determination of whether the interval from the defendant's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered "presumptively prejudicial." Where the delay is only ordinary, rather than presumptively prejudicial, the defendant's speedy trial claim fails at the threshold. A delay that is deemed to be presumptively prejudicial, however, triggers the second stage of the analysis. At this second stage, a court must determine whether the defendant has been deprived of his right to a speedy trial by analyzing a four-part balancing test that considers the conduct of both the State and the defendant (i.e., the *Barker*[] factors): (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. Standing alone, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test.

(Citations and punctuation omitted.) *Stewart*, supra, 310 Ga. App. at 552-553.

4

1. *The Threshold Inquiry – Presumptive Prejudice.* A finding of "presumptive prejudice" is a threshold inquiry that triggers a speedy trial analysis under *Barker*. See *State v. Porter*, 288 Ga. 524, 525 (2) (a) (705 SE2d 636) (2011). That is, "[i]f such a presumption is not warranted, the analysis need go no farther because the accused's speedy trial claim fails[.]" (Citation and punctuation omitted.) *Higgenbottom v. State*, 290 Ga. 198, 200 (1) (719 SE2d 482) (2011). Here, the trial court found that the pretrial "delay was not so lengthy as to be considered presumptively prejudicial." The trial court's finding is erroneous.

Significantly, the trial court erred in calculating the delay in this case as the time elapsed from the date the crime allegedly occurred (December 16, 1992) to the date the case was called for trial (February 28, 1994). "Where a trial has not occurred, the delay should be calculated from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied . . ., rather than any initial date set for the trial." (Citation and punctuation omitted.) *Porter*, supra, 288 Ga. at 526 (2) (b); see also *Stewart*, supra, 310 Ga. App. at 553 (1) ("Speedy trial rights attach at the time of arrest or formal indictment, whichever is earlier.") (citation and punctuation omitted). Thus, the relevant interval of delay here was the time that elapsed between Goddard's December 16, 1992, arrest and the trial court's September

5

7, 2011, denial of Goddard's plea in bar on constitutional speedy trial grounds. Cf. *Moore v. State*, __ Ga. App. __, *1-2 (Case No. A11A2315, decided Feb. 17, 2012) (calculating pretrial delay through date that trial court entered new order denying motion to dismiss on speedy trial grounds instead of date on which the trial court entered original order denying the same, where this Court had vacated the original order and remanded the case for the entry of an order expressly applying the analysis contained in *Barker*). Based on these relevant dates, the pretrial delay in this case has spanned nearly 19 years.

We further note that the presumptive prejudice "inquiry is necessarily dependent upon the peculiar circumstances of the case[; for] . . . example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." (Punctuation and footnote omitted.) *Barker*, supra, 407 U. S. at 531 (IV). Here, in light of the trial court's own statements that Goddard's robbery case appeared to be "an extremely simple" one, with "extremely simple evidence," the pretrial delay of nearly 19 years far exceeded the point at which the delay became presumptively prejudicial. See *Porter*, supra, 288 Ga. at 526-527 (2) (b) ("[O]ne year . . . generally marks the point at which delay becomes presumptively prejudicial.") (citations and punctuation omitted). Clearly, a delay of

6

nearly 19 years triggered the second-stage *Barker* analysis of Goddard's constitutional speedy trial claim.

2. *Barker Analysis.*

(a) *Length of the delay.* "A delay is considered uncommonly long to the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." (Citation and punctuation omitted.) *Ward v. State*, 311 Ga. App. 425, 428 (2) (715 SE2d 818) (2011). "This factor is part of the mix of relevant facts, and its importance increases with the length of the delay." (Citation and punctuation omitted.) *Higgins v. State*, 308 Ga. App. 257, 260 (2) (a) (707 SE2d 523) (2011). Here, the trial court found that the pretrial delay after February 28, 1994, as attributed to the State, was not uncommonly long. The trial court's finding is flawed.

As indicated above, the trial court neglected to consider the entire relevant pretrial delay in this case – that is, the nearly 19 years that elapsed between Goddard's December 16, 1992, arrest and the trial court's September 7, 2011, denial of Goddard's plea in bar on constitutional speedy trial grounds. Moreover, in attributing the delay to the State, the trial court conflated its consideration of the length of the delay factor with its consideration of the reason for the delay factor under *Barker*. On remand, the trial court must reconsider the length of delay as a

separate factor under *Barker*, and on balance, determine whether the delay of nearly 19 years was uncommonly long for a robbery charge. See, e.g., *Ward*, supra, 311 Ga. App. at 428 (2) (concluding that 34-month delay in aggravated assault, robbery, and kidnapping case was uncommonly long, and thus weighed against the State); *Higgins*, supra, 308 Ga. App. at 260 (2) (a) (concluding that 24-month delay in aggravated assault case was uncommonly long and weighed against State).

(b) *Reason for the delay.* "The second factor in the *Barker*[] analysis requires the court to examine both the reason for the delay and whether this is attributable to the defendant or the [S]tate." (Citation and punctuation omitted.) *Hayes v. State*, 298 Ga. App. 338, 341 (2) (b) (680 SE2d 182) (2009). Here, the trial court found that "[o]n balance, defendant is to blame for the delay in bringing the case to trial after February 28, 1994." The trial court's findings of fact in support of its conclusion, however, are incomplete.

First, the trial court failed to consider the approximately 14-month delay between Goddard's arrest on December 16, 1992, and his call to trial on February 28, 1994. In its appellate brief in *Goddard I*, the State conceded that it was responsible for this initial delay in bringing Goddard to trial. The State cited no specific reason for this delay, instead asserting only that 14 months was "a very reasonable and

8

common period of time." However, "when there is no apparent reason for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." (Footnote omitted.) *Johnson v. State*, __ Ga. App. __, *15 (2) (b) (Case No. A11A2220, decided Feb. 3, 2012). "Generally, delay attributed to the [S]tate's negligence, rather than a deliberate act, is weighed as a 'relatively benign' factor against the [S]tate." (Punctuation and footnote omitted.) *Davis v. State*, 308 Ga. App. 843, 845 (2) (b) (709 SE2d 343) (2011).

The next interval of delay was the approximately 16 and one-half year delay between Goddard's call to trial on February 28, 1994, and the trial court's original July 14, 2010, denial of Goddard's plea in bar on constitutional speedy trial grounds. The trial court issued a bench warrant for Goddard's arrest when he failed to appear for trial on February 28, 1994. See *Goddard I*, supra, 310 Ga. App. at 3. The record reflects, however, that Goddard failed to appear on February 28, 1994, because the Newton County clerk of court mailed the notice of trial to the wrong address. See id. at 3, 4 (1).[2] Moreover, the State conceded that it was negligent in failing to properly enter the February 28, 1994, bench warrant into the Georgia Crime Information

_____

[2] The trial court also issued an order to produce Goddard from Department of Corrections' custody on February 28, 1994. However, Goddard was no longer in custody at the time the pickup order was issued.

9

Center ("GCIC") database. Thus, although Goddard was frequently arrested and incarcerated from March 13, 1994, through February 2010, for other, unrelated charges in different counties, it was not until March 25, 2010, that Goddard was finally arrested on the outstanding bench warrant for the Newton County charges.[3] See id.

The trial court concluded that although the State's negligence played a role in the delay, such was "relatively benign," and that on balance, "any delay after the case was called to trial [was] due more to the defendant's inaction [than] the [S]tate's action." As an initial matter, we note that "[a] defendant has no duty to bring himself to trial[.]" (Footnote omitted.) *Barker*, supra, 407 U. S. at 527 (III). That being said, however, we agree that Goddard played a role in the delay following his call to trial on February 28, 1994. Notably, the record reflects that beyond Goddard's letter to the State in April 1993 regarding his incarceration in Fulton County (on other charges) and use of an alias, Goddard otherwise failed to make any further contact with the State, the trial court, his attorney, or his bondsman concerning his whereabouts or

---

[3] During the interim, specifically March 9, 2000, the State placed Goddard's case on the dead-docket because of its inability to locate Goddard. The case was removed from the dead-docket on June 10, 2010.

10

otherwise inquire about his pending charges in Newton County.[4] Cf. *Rafi v. State*, 289 Ga. 716, 718 (2) (715 SE2d 113) (2011) (weighing reason for delay factor against defendant where neither he nor his attorney made themselves aware of the actual status of the case between 1998 and 2005, and defendant failed to keep his address up to date with the trial court, such that the trial court was unable to send the notice of a 2001 arraignment to defendant's home address); *Mayfield v. State*, 264 Ga. App. 551, 556-557 (1) (593 SE2d 851) (2003) (concluding that pretrial delay was largely due to defendant, where he failed to contact the trial court in any way, even though he had an outstanding arrest warrant against him for failing to appear for trial).[5]

---

[4] Although the trial court also cited Goddard's use of an alias as a reason for the pretrial delay, the evidence presented at the speedy trial hearing does not support the trial court's finding in this regard. Notably, the State testified that it did not know whether Goddard's use of aliases in any way affected the State's failure to determine that Goddard was in custody subsequent to the issuance of the bench warrant. Cf. *Davis v. State*, supra, 308 Ga. App. 843, 845 (2) (b) (709 SE2d 343) (2011) (holding that evidence presented at speedy trial hearing did not support trial court's findings that the delay in prosecuting defendant's case was caused either by his bench warrant status or his use of an alias in another case, where none of the prosecutors testified that these factors hindered their ability to prosecute the case).

[5] But see *Lett v. State*, 164 Ga. App. 584, 584, 585-586 (2) (298 SE2d 541) (1982) (concluding that defendant in no way caused the delay where (i) defendant was unaware of an outstanding indictment due to his incarceration at the time it was returned; (ii) defendant did nothing to hinder any further prosecution or conceal himself; (iii) the State attempted to locate defendant only once, five years after the indictment; and (iv) State's explanation of being unable to locate defendant until six

Moreover, some of the delay following Goddard's March 25, 2010, arrest could also be attributed to Goddard's change in public defender and subsequent request for a continuance from the May 2010 trial calendar – a circumstance that the trial court failed to consider in its analysis of the reason for delay factor. Cf. *Hudson v. State*, 277 Ga. 581, 583 (2) (b) (591 SE2d 807) (2004) ("As to the reason for the delay, the initial delay . . . must be weighed against [defendant] because it was due to change in counsel and continuance motions filed on [defendant's] behalf.") (punctuation omitted).

Notwithstanding Goddard's role in contributing to the delay following his call to trial on February 28, 1994, the trial court must reassess whether such fully counteracted the State's negligence as a negative factor. See *State v. White*, 282 Ga. 859, 862 (2) (b) (655 SE2d 575) (2008). Notably, while there is no evidence that the State deliberately attempted to hamper the defense after February 28, 1994, the trial court nevertheless erred in finding that the State's negligence was "relatively benign." Cf. *Hayes*, supra, 298 Ga. App. at 345 (2) (b). The trial court's finding failed to take into account the approximately 16 and one-half year delay that was occasioned, at

years after the indictment was simply insufficient in view of so scant an effort after the return of the indictment).

12

least in part, by the State's negligence. "Even benign negligence will begin to weigh more heavily against the State, the longer the delay caused by the same." Id.; see, e.g., *State v. Brown*, __ Ga. App. __, *4 (2) (b) (Case No. A11A1932, decided Mar. 20, 2012) ("[T]he delay [of at least seven and one-half years] occasioned by negligence in this case is extraordinary, and as the United States Supreme Court [has] noted in *Doggett* [*v. United States*, 505 U. S. 647, 657 (III) (B) (112 SC 2686, 120 LEd2d 520) (1992)], 'our toleration of such negligence varies inversely with its protractedness.'") (punctuation omitted); *Hester v. State*, 268 Ga. App. 94, 97 (2) (601 SE2d 456) (2004) ("While a five-year delay may be unintentional, it is certainly not benign.").

Finally, the trial court failed to consider the approximately 14-month delay between its original July 14, 2010, denial of Goddard's plea in bar on constitutional speedy trial grounds and its second denial of the same on September 7, 2011. Notably, in determining whether the government or the defendant is more to blame for the pretrial delay, "the government includes all state actors, even trial and appellate court judges." (Citation and punctuation omitted.) *Stewart*, supra, 310 Ga. App. at 555 (2) (b), n. 2. Here, the trial court's order of July 14, 2010, failed to make any findings with regard to the *Barker* factors. *Goddard I*, supra, 310 Ga. App. at 5 (2). Accordingly, this Court was required to vacate the trial court's original order as

it concerned the denial of Goddard's plea in bar on constitutional speedy trial grounds and remand the case for the entry of a proper order pursuant to *Barker*. Id. Thus, the government is responsible for this more recent delay interval of approximately 14 months.

Given the trial court's failure to give due consideration to all relevant periods of pretrial delay and the reasons therefor, "we are constrained to remand [this case again] so that the court can reconsider the circumstances giving rise to the delay and reassess the causes for the delay with regard to the principles outlined supra before reweighing this factor." (Footnote omitted.) *Johnson*, supra, __ Ga. App. at *19 (2) (b).

(c) *Defendant's assertion of the right.* "[T]he relevant question for purposes of the third *Barker*[] factor is whether the accused has asserted the right to a speedy trial in due course." (Citation and punctuation omitted.) *Hayes*, supra, 298 Ga. App. at 346 (2) (c). Goddard failed to file a timely statutory speedy trial demand with regard to his robbery charge, see *Goddard I*, supra, 310 Ga. App. at 4 (1), and he did not affirmatively assert his constitutional right to a speedy trial until May 20, 2010, shortly after he was arrested on the outstanding bench warrant for the Newton County charges. The trial court found that Goddard did not timely assert his constitutional

14

right to a speedy trial. Generally, such a delay in asserting the right would authorize the trial court to weigh this *Barker* factor against a defendant. See, e.g., *Bell v. State*, 287 Ga. App. 300, 302 (651 SE2d 218) (2007) (holding that trial court was authorized to weigh delay against defendant where he failed to file a timely statutory speedy trial demand, and he did not affirmatively assert his constitutional right to a speedy trial until ten months after his indictment and thirteen months after his arrest). Here, however, it appears that the trial court failed to consider the fact that Goddard's case was dead-docketed from March 7, 2000, through June 10, 2010 – a period of approximately ten years. And significantly, "the time the case was dead-docketed should not be considered in determining whether [defendant] timely asserted [his] right to a speedy trial." (Citations and punctuation omitted.) *Hayes*, supra, 298 Ga. App. at 346 (2) (c), n. 22. On remand, the trial court must reevaluate this *Barker* factor without counting against Goddard the period of time during which his case sat on the dead-docket.

(d) *Prejudice to the defendant*. This final *Barker* factor "is designed to protect three interests, the last being the most important: (a) to prevent oppressive pretrial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the

15

possibility that the defense will be impaired." (Citation and punctuation omitted.) *White*, supra, 282 Ga. at 862 (2) (d).

Here, Goddard makes no claim of oppressive pretrial incarceration or anxiety and concern, and instead focuses on the alleged impairment to his defense. Goddard specifically argues that both he and the arresting officer lack memory of the incident at issue, and that there is "no way for him to know what mitigating or exculpatory information was available in 1994 [when his case was called to trial], but is not available at this time." The trial court found that Goddard's claims about lack of memory were insufficient to make a showing of any actual prejudice as a result of the pretrial delay. As Goddard correctly points out, however, the trial court failed to further consider the presumed prejudice in this case, which, as discussed in Division 1 above, arose from the pretrial delay of nearly 19 years. See *Porter*, supra, 288 Ga. at 531 (2) (c) (4) ("[O]nce the threshold presumptive prejudice is satisfied, a presumption of prejudice always exists, although it increases in weight over time.") (citations and punctuation omitted). Notably, "the presumption of prejudice addressed in *Barker* strengthens with the passage of time, and as the delay increases, less specific harm need be demonstrated to conclude that the delay is prejudicial." (Citations and punctuation omitted.) *State v. Redding*, 274 Ga. 831, 833 (561 SE2d

16

79) (2002). And an "extraordinary delay in bringing [a defendant] to trial raise[s] a presumption that [his] defense ha[s] been hindered, and relieve[s] [him] of the requirement of showing specific instances of prejudice." (Citation and punctuation omitted.) *White*, supra, 282 Ga. at 863 (2) (a), (d) (concluding that co-defendants were relieved from showing specific instances of prejudice where their pretrial delays were over two years and five and one-half years, respectively); see also *Hester*, supra, 268 Ga. App. at 99 (4) ("[T]he extraordinary five-year length of the delay raised the presumption of actual prejudice and thus did not require [the defendant] to make a specific showing of prejudice.") (punctuation omitted). Accordingly, the trial court needs to reevaluate this *Barker* factor in light of the pretrial delay of nearly 19 years in this case.

(e) *Balancing the Barker factors.* Here, the trial court made factual findings that were unsupported by the record and misapplied the *Barker* factors; therefore, the deference we owe to the trial court's ultimate ruling is extinguished. See *Johnson*, supra, __ Ga. App. at *28 (2) (e).

> [G]iven these errors, we cannot conclude that the trial court would have
> still been required to weigh those factors in the manner in which it did,
> so as to determine that [Goddard's] right to a speedy trial had not been
> violated. Indeed, the trial court could not properly balance the *Barker*

17

factors, and the trial court's order must be vacated and the case remanded for the trial court to exercise its discretion again using properly supported factual findings and the correct legal analysis, reflected in an adequate written order.

Accordingly, for all the forgoing reasons, we vacate the trial court's judgment and remand the case for proceedings consistent with this opinion.

(Punctuation and footnotes omitted.) Id. at *28-29 (2) (e).

*Judgment vacated and case remanded with direction. Mikell, P. J., and Blackwell, J., concur.*