**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**September 13, 2012**

# In the Court of Appeals of Georgia

A12A0944, A12A1101. THE STATE v. CURRY; and vice versa.

BOGGS, Judge.

These cases were consolidated for purposes of appeal. In Case No. A12A1101, Terrance Curry appeals from the trial court's denial of his "Motion to Dismiss Indictment for Pre-indictment Delay," and in Case No. A12A0944, the State appeals from the grant of Curry's "Motion to Dismiss Indictment for Delay in Prosecution." For the following reasons, we vacate and remand in both cases.

The record reveals that Curry was convicted of statutory rape in 2002 and was sentenced to nine years' probation. On November 30, 2006, Curry was arrested for aggravated assault stemming from a July 2006 incident, was granted bond, and then was released on February 5, 2007. In March 2007, Curry was incarcerated after his probation was revoked for the failure to register as a sex offender as required by his

2002 sentence for statutory rape. On November 21, 2008, nine days before he was to be released from custody on the statutory rape charge, the State indicted Curry for aggravated assault and other crimes stemming from the 2006 incident. He was taken into custody on November 29, 2008, the same day he was released on the statutory rape sentence.

On December 3, 2008, Curry moved to dismiss the indictment against him for pre-indictment delay. He was arraigned on December 15, 2008, and pled not guilty. Curry was granted bond and released on February 3, 2009. On August 11, 2011, Curry moved to dismiss the indictment against him for "delay in prosecution." Following a hearing on both of Curry's motions to dismiss, the trial court, on September 21, 2011, denied Curry's motion to dismiss for pre-indictment delay, but granted his motion to dismiss for delay in prosecution. In Case No. A12A0944, the State appeals from the grant of Curry's motion to dismiss for delay in prosecution, and in Case No. A12A1101, Curry appeals from the denial of his motion to dismiss for pre-indictment delay.

*Case No. A12A0944*

The State argues that the trial court erred in concluding that Curry was denied his Sixth Amendment right to a speedy trial. "The principles that guide a court in its

consideration of whether a delay in bringing an accused to trial works a deprivation of the right to a speedy trial are set out in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992)." (Punctuation omitted.) *State v. Brown*, 315 Ga. App. 544, 544-545 (726 SE2d 500) (2012). "In determining whether the Sixth Amendment right to speedy trial has been violated, courts consider 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of the right to a speedy trial, and 4) whether the defendant was prejudiced by the delay." (Citations omitted.) *Wooten v. State*, 262 Ga. 876, 878 (2) (426 SE2d 852) (1993). With these four factors in mind, "the question is whether the trial court abused its discretion in ruling that the defendant's speedy trial rights were [ ] violated." (Citation and punctuation omitted.) *Lambert v. State*, 302 Ga. App. 573, 575 (692 SE2d 15) (2010).

1. *Presumptive prejudice.*

First, a court must determine whether the delay "has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, (the accused) cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett*, [supra]. If the delay passes this threshold test of "presumptive prejudice," then the *Barker* inquiry is triggered. The delay is then considered a second time by factoring it into

3

the prejudice prong of the *Barker* analysis, with "the presumption that pretrial delay has prejudiced the accused intensif(ying) over time."

(Citations and punctuation omitted.) *Wilkie v. State*, 290 Ga. 450, 451 (721 SE2d 830) (2012). As the trial court ruled, the delay here of far more than one year raises a threshold presumption of prejudice requiring the application of the *Barker-Doggett* balancing test. See *Stewart v. State*, 310 Ga. App. 551, 553 (1) (713 SE2d 708) (2011).

2. The *Barker-Doggett* factors.

(a) *Length of the delay*. "The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation, whichever comes first, to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion." (Citation and punctuation omitted.) *Moore v. State*, 314 Ga. App. 219, 220 (723 SE2d 508) (2012). Curry was first arrested for the July 2006 incident on November 30, 2006, and the ruling on the motion to dismiss was filed on September 2, 2011. Therefore, counting from Curry's November 2006 arrest, the total delay here is approximately 57 months, which is uncommonly long, and as such, is a factor to be weighed against the State. See *Phan v. State*, 290 Ga. 588, 593 (1) (a) (723 SE2d 876) (2012) (more than four-year delay weighs against the State); see *State v. Pickett*,

4

288 Ga. 674 (2) (c) (1) (706 SE2d 561) (2011) (uncommonly long five-and-a-half-year delay weighs against the State); *Stewart v. State*, supra, 310 Ga. App. at 554 (2) (a) (pretrial delay of over five years uncommonly long and weighs against the State).

Under its analysis of the length of the delay, the trial court held that the 57-month delay should be weighed heavily against the State because the State waited two years to indict Curry and only did so after discovering that he would be released from custody the following week. The court therefore "conflated its consideration of the length of the delay factor with its consideration of the reason for the delay factor under *Barker*." *Goddard v. State*, ___ Ga. App. ___ (2) (a) (Case No. A12A0504; decided May 15, 2012). And in doing so, the court only considered 2 years of the 57-month delay. See id. (court neglected to consider entire time of pretrial delay).

(b) *Reason for the delay.* The parties agree that about four months of the delay was due to Curry's counsel's leaves of absence. But with regard to the remaining 53 months, the trial court found that the State "strategically delayed the prosecution of the case in order to obtain a tactical advantage over the defense . . . The State indicted the case that date and sought a Grand Jury warrant for [Curry] in order to prevent him from being released from custody." But even assuming the State deliberately indicted Curry days before his release from custody on other charges in order to keep him in

5

custody, such action does not explain the State's delay in bringing the case to trial once Curry was indicted. The State offered no explanation concerning the delay in prosecuting the case, and there was no evidence of a deliberate attempt to delay prosecution in order to hamper Curry's defense or to gain a tactical advantage. Because the trial court only considered the pre-indictment portion of the delay in its analysis rather than the entire delay, it erred in its consideration of this factor. See id.

(c) *Assertion of the right to a speedy trial.* The record reveals that on December 3, 2008, 12 days after Curry was indicted and 4 days following his detention on the indictment, Curry filed a motion for pre-indictment delay in which he asserted his right to a speedy trial. See *State v. Porter*, 288 Ga. 524, 528 (2) (c) (3) (706 SE2d 636) (2011) (defendant may assert constitutional speedy trial right through a motion to dismiss asserting a violation of that right). The trial court found that Curry "asserted his constitutional right to a speedy trial by filling his motion to dismiss for pre-indictment delay before arraignment and within a week of his arrest on the grand jury warrant." The court concluded that Curry "asserted his right to a speedy trial in due course."

The State argues that the trial court erred in concluding that Curry timely asserted his demand for a speedy trial because Curry did not assert the right after he

6

was arrested in 2006 and failed to file a statutory demand for speedy trial after he was indicted. Although a statutory demand for speedy trial pursuant to OCGA § 17-7-170 is not required in order to prevail on a speedy trial claim on constitutional grounds, see *State v. White*, 282 Ga. 859, 862 (2) (c) (655 SE2d 575) (2008), our courts have held that "[a] defendant's pre-indictment silence can weigh heavily against him." (Citations and punctuation omitted.) *State v. Auerswald*, 198 Ga. App. 183, 185 (3) (401 SE2d 27) (1990). While Curry asserted his right to a speedy trial within days of his indictment and second arrest, the trial court made no ruling with regard to Curry's 24-month pre-indictment silence. The trial court therefore erred in its consideration of this factor.[1] See, e.g., *Porter*, supra, 288 Ga. at 528-529 (2) (c) (3) (trial court omitted from its analysis defendant's assertion of right more than eight years after his arrest and almost eight years after re-indictment).

---

[1]The State also argues that the trial court erred in considering an "in-house" memorandum which outlines the underlying facts of the 2006 incident and states further: "[Curry] will get out on the 29th of November 2008, he has never been prosecuted on these charges, [the victim] wants to prosecute and will be here . . . to testify." The State contends that the memorandum was hearsay and therefore should not have been considered by the trial court. We agree. Neither the author nor the parties named in the document testified at the hearing. It was therefore inadmissible non-probative hearsay. *Jones v. State*, 284 Ga. 320, 321 (1) and 323 (2) (667 SE2d 49) (2008). We note that while the court stated that this document was "in the clerk's file," it is not part of the record here on appeal.

(d) *Prejudice.* The trial court ruled that because the first three factors weigh against the State, "there is no need to inquire as to the fourth factor of prejudice."[2] The court nevertheless concluded that Curry suffered prejudice because he

> was incarcerated twice on the charges contained in the indictment – the first time for 27 days and the second time for two months and six days after having been told he would be released from prison and being literally stopped at the gate. [Curry] was terminated from two jobs after finding employment because of the pending indictment. He suffered financial hardship beyond the level ordinarily suffered by persons accused of crimes, simply because the State failed to bring the case forward in a timely manner.

---

[2]The trial court cited *Doggett*, supra, and *Ruffin v. State*, 284 Ga. 52 (663 SE2d 189) (2008), for this proposition, but neither case supports the court's conclusion. *Ruffin* cites *Doggett*, which holds only that "consideration of prejudice is not limited to the specifically demonstrable, and . . . affirmative proof of particularized prejudice is not essential to every speedy trial claim." 505 U. S. at 655 (III) (A). See *Ruffin*, supra, 284 Ga. at 64-65 (2) (b) (iv). It is well-settled that the trial court must balance all four factors. *Porter*, supra, 288 Ga. at 526 (2) (a). As explained in *Barker*, supra, "[w]e regard none of the four factors . . . as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together . . . courts must still engage in a difficult and sensitive balancing process." (Footnote omitted.) 407 U. S. at 533 (IV). We note that in *Porter*, supra, the Supreme Court of Georgia declined to adopt a test urged by the State that unless all other factors weight heavily against the State, the defendant must show actual prejudice. *Porter*, supra, 288 Ga. at 533 (2) (d) n.4. The court held that such a formulation is "inconsistent with the flexible balancing test required by *Barker* and this Court's precedents." Id.

"The types of prejudice associated with an unreasonable delay before trial include oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the (accused's) defense will be impaired by dimming memories and loss of exculpatory evidence." (Citation and punctuation omitted.) *Pickett*, supra, 288 Ga. at 677 (2) (c) (4). The most serious form of prejudice is the last, because the inability of the defendant to prepare his case adequately "skews the fairness of the entire system." (Citation and punctuation omitted.) Id.

With regard to the first type of prejudice – oppressive pretrial incarceration, the court found that Curry suffered prejudice because "he was incarcerated twice on the charges contained in the indictment - the first time for 27 days and the second time for two months and six days." But the Georgia Supreme Court has held that incarceration for only four or five months within a period of nearly six years was not oppressive. See *Smith v. State*, 284 Ga. 17, 20 (2) (663 SE2d 142) (2008). The trial court also found that Curry had been terminated from two jobs because of the pending indictment. But the court made no mention of Curry's testimony that within one month of the second termination, he obtained employment as a machine operator and was still employed at the time of the hearing. Moreover, the court made no finding

with regard to the third and most serious type of prejudice - whether Curry's defense would be impaired as a result of the State's delay.

3. As explained in *Porter*, supra,

> A trial court exercises substantial discretion in applying the *Barker*[-*Doggett*] balancing test, and its ultimate judgment is reviewed on appeal only for abuse of that discretion. However, where . . . the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished.

(Citation and punctuation omitted.) *Porter*, supra, 288 Ga. at 533 (2) (e). As the Georgia Supreme Court has most recently explained, where, as here, the trial court could not properly balance the *Barker* factors, this court cannot affirm the trial court's judgment. Id. at 534 (2) (e). In this case, the trial court could not properly weigh the factors because it did not consider the entire length of the delay and the reasons for all portions of the delay, improperly considered hearsay, conflated the reason for the delay with the length of the delay, failed to consider Curry's pre-indictment silence, improperly ruled that it was not required to consider the prejudice prong of the *Barker-Doggett* test, and nevertheless improperly analyzed the prejudice prong. We therefore vacate the trial court's order and remand this case for the court to again

exercise its discretion in using "properly supported factual findings and the correct legal analysis, reflected in an adequate written order." (Citations omitted.) id.; see also *State v. Pickett*, 288 Ga. 674, 680 (4) (d) (706 SE2d 561) (2011).

*Case No. A12A1101*

4. Curry argues that the trial court erred in finding that his rights to "Due Process and Speedy Trial" were not violated. He contends that the test for such a violation requires the trial court to determine if (1) the delay caused actual prejudice to his defense, and (2) whether the delay was due to the deliberate action by the State to gain a tactical advantage. The trial court employed this test in analyzing Curry's motion to dismiss for pre-indictment delay. But the test employed by the trial court and argued by Curry in his appeal is the two-part test used to determine if a defendant's due process rights under the Fifth and Fourteenth Amendments were violated by the delay between the time of the crime and the time of the arrest or indictment. See *Manley v. State*, 281 Ga. 466, 467 (640 SE2d 9) (2007).

> Both the United States and Georgia Constitutions grant defendants in criminal cases a right to a speedy trial, U. S. Const. Amend. VI; 1983 Ga. Const. Art. I, Sec. I, Para. XI (a), and a delay *following* arrest or indictment may violate that right. But different considerations apply when the delay occurs *before* an arrest or indictment. The Sixth Amendment does not guarantee a right to a speedy arrest. However, an

11

inordinate delay between the time a crime is committed and the time a defendant is arrested or indicted may violate due process guarantees under the Fifth and Fourteenth Amendments. To find a due process violation where a delay precedes arrest and indictment, courts must find 1) that the delay caused actual prejudice to the defense, and 2) that the delay was the product of deliberate action by the prosecution designed to gain a tactical advantage.

(Citations and punctuation omitted; emphasis in original.) *Billingslea v. State*, 311 Ga. App. 490, 491 (1) (716 SE2d 555) (2011).

Curry complains of the delay from his first arrest to indictment and from indictment to the ruling on his motion to dismiss. He does not complain of an "inordinate delay between the time a crime [was] committed and the time [he was] arrested or indicted." Id. Curry's claim of pre-indictment delay therefore alleges a violation of his Sixth Amendment right to a speedy trial which is properly analyzed under the *Barker-Doggett* test. See *Wilkie*, supra, 290 Ga. at 450-451 (examining alleged denial of constitutional right to speedy trial under *Barker-Doggett* test beginning from arrest where defendant arrested soon after crime, released on bond, and indicted four years later); compare *Bunn v. State*, 284 Ga. 410, 410-411 (1) (667 SE2d 605) (2008) (analysis of Fifth Amendment right to due process where three-year delay between crime and indictment). "The constitutional right to a speedy trial

12

attaches on the date of the arrest or when formal charges are initiated, whichever first occurs." (Citation omitted.) *State v. Thaxton*, 311 Ga. App. 260, 263 (1) (715 SE2d 480) (2011). And "[a]t the time of arrest, a suspect becomes an 'accused' and the right to a speedy trial under the Sixth Amendment begins running." (Citations and punctuation omitted.) *State v. Hight*, 156 Ga. App. 246 (274 SE2d 638) (1980).

Because the trial court improperly analyzed Curry's claim for pre-indictment delay as a due process violation and employed the wrong test in doing so, we vacate its ruling on Curry's motion to dismiss for pre-indictment delay. While it appears that the trial court addressed Curry's complaints concerning pre-indictment delay in its ruling granting Curry's motion to dismiss for the State's delay in prosecution, it did so improperly as we have held in Case No. A12A0944.[3] We therefore remand this case and direct the trial court to consider *both* Curry's claim for pre-indictment delay and his claim for delay in prosecution under the appropriate standard set forth in

---

[3]The trial court found prejudice to Curry in granting his motion to dismiss for a delay in prosecution in Case No. A12A0944, but found Curry suffered no prejudice in the denial of his motion for pre-indictment delay in Case No. A12A1101. While the standard for prejudice in analyzing an alleged violation of the Sixth Amendment right to a speedy trial differs somewhat from the standard of prejudice for an alleged due process violation, we are troubled by what appear to be inconsistent rulings by the trial court on this issue.

*Barker*, supra, and *Doggett*, supra, for an alleged violation of the federal and state constitutional right to a speedy trial.

*Judgments vacated and cases remanded . Doyle, P. J. and Andrews, J., concur.*